Exhibit A

# COURT OF COMMON PLEAS
# FRANKLIN COUNTY, OHIO

| | |
|---|---|
| **RICHARD NESBITT**<br>308 Triplecrown Drive<br>Lebanon, OH 45036<br><br>and<br><br>**BRENDA NESBITT**<br>308 Triplecrown Drive<br>Lebanon, OH 45036<br><br>Plaintiffs<br><br>vs.<br><br>**WALKER MAGNETICS**<br>1385 S. M. 75<br>Boyne City, MI 49712<br><br>and<br><br>**INDUSTRIAL MAGNETICS, INC.**<br>1385 S. M. 75<br>Boyne City, MI 49712 | Case No.<br><br>Judge _____<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Comes now the Plaintiffs, Richard ("Richard") and Brenda Nesbitt ("Brenda"), by and through counsel, and for their Complaint against the Defendants, state as follows:

## COUNT ONE

1. On or about July 18, 2022, Richard was performing his job duties for his employer located at 555 N. Yearling Road, Columbus, Ohio. Specifically, he was using a Circular Electric Lifting Magnet Machine ("the "Machine") that had been manufactured, designed, produced, created, assembled, and marketed by Industrial Magnetics, Inc. and Walker Magnetics ("Defendants").

2. The Machine is an electric powered magnet designed to lift heavy metal objects. Defendants market that the Machine is designed to lift loads up to 1,200 pounds.

1

A constant supply of power is critical to the safe operation of the machine. If the Machine loses power while lifting an object, that object will immediately fall. Therefore, a failproof safety device to prevent the power cord from disconnecting is a crucial component in the design and manufacturing of the Machine.

3. The Machine did not include proper warnings on the product that the power source could unintentionally disconnect.

4. While utilizing the Machine to perform his job duties, the magnet power cord became unplugged, causing the magnet to stop working which resulted in the magnet dropping over a 600-pound piece of material on Richard's left hand and arm. This caused Richard to incur significant injuries, including but not limited to multiple fractures of his left hand and arm. Richard is left hand dominant.

5. This above referenced incident occurred due to Defendants' negligence, including but not limited to failing to design a Machine that could not become unplugged in the manner that occurred in this case.

6. As a direct and proximate result of Defendants' negligence, Richard has suffered physical and mental pain and suffering and will suffer physical and mental pain and suffering in the future, as his injuries are permanent.

7. As a further direct and proximate result of Defendants' negligence, Richard has incurred lost wages, will incur lost wages in the future, and his power to earn money has been permanently impaired.

8. As a further direct and proximate result of Defendants' negligence, Richard has incurred medical expenses and expect to incur medical expenses in the future.

### COUNT TWO

Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Jul 16 2:57 PM-24CV005500
0G928 - L10
Case: 24-cv-005500 Doc #: 1 Filed: 08/15/24 Page: 3 of 5 PAGEID #:

9. The preceding paragraphs are incorporated by reference as if fully rewritten herein.

10. Defendants were careless, reckless, and negligent in the design, manufacturing, production, creation and assembling of the Machine.

11. As a direct and proximate result of Defendants' conduct, Richard sustained the injuries described hereinabove.

## COUNT THREE

12. The preceding paragraphs are incorporated by reference as if fully rewritten herein.

13. Defendants knew, or in the exercise of reasonable care, should have known that the aforementioned Machine was in a defective and dangerous condition, was not of merchantable quality, was not safe for its intended use, and could not be utilized without unreasonable risk of harm to the public, including Richard.

14. Defendants, with such knowledge, advertised, marketed, promoted and sold the aforementioned Machine to the public.

15. As a direct and proximate result of said conduct, Richard has suffered the injuries and damages heretofore described.

## COUNT FOUR

16. The preceding paragraphs are incorporated by reference as if fully rewritten herein.

17. Defendants expressly warranted that the aforementioned Machine was in a safe condition, of reasonable quality, fit for its intended use, and could be safely used free of risk of harm to the public, when in fact it was not.

3

18. Richard relied on said warranties, express and implied, and as a direct and proximate result of said reliance, he suffered the injuries and damages heretofore described.

## COUNT FIVE

19. The preceding paragraphs are incorporated by reference as if fully rewritten herein.

20. The aforementioned Machine was placed in the stream of commerce by Defendants with one or more of its functions in an inherently defective condition, which created an unreasonable risk of harm to the public, including Richard, when used for its intended purpose and in the manner in which it was designed to be used.

21. The aforementioned Machine was intended by Defendants to reach the public and did reach the public, including Richard, with the same inherently defective and dangerous conditions as heretofore described.

22. As a direct and proximate result of said defective and dangerous conditions, Richard suffered the injuries and damages heretofore described, and Defendants are strictly liable to Richard for said injuries, expenses and damages.

## COUNT SIX

23. The preceding paragraphs are incorporated by reference as if fully rewritten herein.

24. Defendants knew of the possibility, or in the exercise of reasonable care, should have known, that the electrical cord could become disconnected, causing injury to an operator. Despite this risk known to Defendants, they were negligent in failing to warn operators of the risk that the power cord could become disconnected.

4

## COUNT SEVEN

25. The preceding paragraphs are incorporated by reference as if fully rewritten herein.

26. At all times relevant herein, Brenda was and is the wife of Richard.

27. As a direct and proximate result of Defendants' actions described above, Breanda has suffered the loss of love, services, affection, and consortium of her husband, Richard.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and/or severally, in an amount an excess of Twenty-five Thousand Dollars ($25,000.00), costs incurred, reasonable attorney fees, and any and all additional relief to which they are entitled.

/s/ *Barry F. Fagel*
Barry F. Fagel  (#0060122)
James S. Ginocchio (#0082834)
Lindhorst & Dreidame Co., LPA
312 Walnut Street, Ste. 3100
Cincinnati, OH  45202
(513)  345-5797
(513)  421-0212 (fax)
bfagel@lindhorstlaw.com
jginocchio@lindhorstlaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ *Barry F. Fagel*
Barry F. Fagel  (#0060122)

**TO THE CLERK:**

**Please serve Defendants by Certified Mail. Thank you.**

5